**FILED**

**JUL 3 0 2024**

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _MCB_____ DEP CLK

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

MICHAEL SCOTT DAVIS and
STETSON MANSFIELD WEBSTER,

    PLAINTIFFS,

      v.

BRIAN RATLEDGE, JULIE BELL, AND
DAMION MCCULLERS, IN THEIR OFFICIAL
AND INDIVIDUAL CAPACITIES AS
DISTRICT COURT JUDGES,

    DEFENDANTS.

CASE NO. 5:24-cv-440-FL

---

## COMPLANT FOR FALSE IMPRISONMENT
## PURSUANT TO 28 U.S.C. § 1367

### INTRODUCTION

Plaintiffs Michael Scott Davis and Stetson Mansfield Webster bring this action against Defendants Brian Ratledge, Julie Bell, and Damion McCullers for false imprisonment and related due process violations under the common law of North Carolina. The actions taken by the Defendants, including setting punitive purge amounts and ordering immediate incarceration without due process, were outside the scope of their judicial capacity or jurisdiction. In addition, Plaintiffs seek a criminal referral for the Defendants' actions under 18 U.S.C. § 242, which criminalizes the deprivation of rights under color of law.

Davis and Webster v. Ratledge et al.      False Imprisonment 28 U.S.C. 1367

Case 5:24-cv-00440-FL    Document 1    Filed 07/30/24    Page 1 of 11

## JURISDICTION AND VENUE

1. This Court has supplemental jurisdiction over the state law claim of false imprisonment under 28 U.S.C. § 1367 as it forms part of the same case or controversy as the federal claims.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the events giving rise to these claims occurred within this district.

3. The Court has the authority to refer potential violations of 18 U.S.C. § 242 to the appropriate U.S. Attorney for investigation and prosecution..

## PARTIES

1. Plaintiff Michael Scott Davis (Hereafter "Plaintiff Davis" or "Mr. Davis") is a U.S. citizen residing in Wake County, North Carolina.

2. Plaintiff Stetson Mansfield Webster (Hereafter "Plaintiff Webster" or "Mr. Webster") is a U.S. citizen residing in Wake County, North Carolina.

3. Defendants Brian Ratledge, Julie Bell, and Damion McCullers are District Court Judges of Wake County, North Carolina, sued in their official and individual capacities.

## FACTUAL ALLEGATIONS PERTAINING TO
## PLAINTIFF MICHAEL SCOTT DAVIS

1. In August 2022, following a Rule 59 hearing brought by the Plaintiff to address Judge Ratledge's prior due process violations, Stephanie T. Jenkins, Esq. (opposing counsel) requested and was granted a hearing to show cause on October 7, 2022. This show cause hearing was scheduled to immediately follow a second Rule 59 hearing brought by Plaintiff Davis to address the sanctionable behavior of Ms. Jenkins, Esq. The timing, issues, and parties involved, including the close succession of hearings and the context of the issues, suggest bias and procedural unfairness, raising questions about the integrity of the judicial process. See Exhibit D16, (Oct. 7, 2022), T: p.32: 11-15, T: p.44: 23-25 to p.46, line 23, T: p.49: 15 to p.52, line 15.

Davis and Webster v. Ratledge et al.                    False Imprisonment 28 U.S.C. 1367

2. During the contempt hearing, Judge Ratledge found Plaintiff Davis in contempt for non-production of financial documents, despite not ruling on Plaintiff's pending motions for protective orders, which sought to protect sensitive financial information. This action exceeded his judicial capacity, ignoring procedural safeguards required by due process, indicating an overreach beyond his jurisdiction. These protective orders were centered on the Plaintiff's brother's estate account, which contained sensitive financial information of several family members who had no involvement in the litigation. Additionally, the repeated requests for financial information were, at best, unnecessary.

3. Plaintiff Davis contends this was meant to harass and burden, as the opposing counsel was already in possession of the Plaintiff's financial information through four different continuances for literally all but three months leading up to the contempt hearing from the beginning of the litigation which began in 2015 (seven years). Judge Ratledge's actions also failed to adhere to the standards set forth in *Hicks v. Feiock* which requires that civil contempt sanctions must be coercive rather than punitive and that procedural protections of criminal proceedings must be applied if the sanction is punitive in nature. See Exhibit D27; *Hicks v. Feiock, 485 U.S. 624 (1988); Marshall v. Lonberger, 459 U.S. 422 (1983).*

4. Judge Ratledge immediately ordered Mr. Davis's arrest and incarceration, demanding that he pay a purge amount plus $1,000 in attorney's fees to secure his release. There was no previous purge amount set, nor was Mr. Davis given any opportunity to comply after the purge amount was set. This immediate incarceration without notice or an opportunity to comply highlights the procedural due process violations that Plaintiff Davis faced. See Exhibit D17; *Ex Parte Werblud, 536 S.W.2d 542 (Tex. 1976).*

5. Judge Ratledge's failure to address Plaintiff Davis's motions for protective orders before finding him in contempt violated his due process rights under the Fourteenth Amendment. The immediate arrest and incarceration without prior notice or opportunity to comply with the purge order constituted a deprivation of liberty without due process and demonstrates malicious intent. Furthermore, the trial court's failure to provide Plaintiff Davis with an opportunity to be heard before issuing the contempt order violated his procedural due process rights. The court's actions deprived Plaintiff Davis of his liberty without following the

Davis and Webster v. Ratledge et al.　　　　False Imprisonment 28 U.S.C. 1367

Case 5:24-cv-00440-FL　　Document 1　　Filed 07/30/24　　Page 3 of 11

necessary legal procedures, thus violating his rights under the Fourteenth Amendment and the North Carolina Constitution. See Exhibits D27 (Motion for protective order), D17 (Order for civil contempt); *Knight v. Miami-Dade County, 856 F.3d 795 (11th Cir. 2017); Coble v. Coble, 300 N.C. 708 (1980); Mathews v. Eldridge, 424 U.S. 319 (1976);* U.S. Const. amend. XIV; N.C. Const. art. I, § 19.

6. This event caused significant emotional distress, exacerbated by his inability to pick up his daughter from school. This situation mirrored a previous experience when his daughter, six years old at the time, experienced her father not picking her up as scheduled, based on what was later determined as behaviors consistent with custodial interference—including coaching by her mother. What this means is that, Mr. Davis's daughter after not being picked up by dad, resulted in a total lack of any communication with her father for almost two weeks, turning into more than three years of virtually no contact until the court successfully intervened in 2018. See Exhibit D02 (Permanent custody order), p.3-4, ¶19 a-i; *Troxel v. Granville, 530 U.S. 57 (2000).*

7. The recurrence of her father's inability to pick her up, this time directly due to the actions of Judge Ratledge, a state officer operating in the Wake County court system intentionally induced significant distress for both Plaintiff Davis and by extension, his daughter. This distress was particularly acute given his daughter's history and already reported mental health struggles, including admissions of wanting to engage in self-harm tied to the divorce and her mother's behavior. She has been, and remains, on antidepressant medication monitored by a psychiatrist. See Exhibit D17, Order for civil contempt); See *Mathews v. Eldridge, 424 U.S. 319 (1976).*

8. Plaintiff was taken into custody and held for approximately six hours. This relatively short duration was due to the timely intervention of a friend who had the means and availability to pay the purge amount and attorney's fees who Mr. Davis was luckily able to reach on his friend's way out of town. Without this intervention, Plaintiff would have likely remained in custody over the weekend or longer, significantly extending his detention. These circumstances highlight the importance of procedural due process protections to prevent unjust and prolonged detention. Judge Ratledge's actions also failed to adhere to the standards set forth in *Hicks v.*

Davis and Webster v. Ratledge et al.          False Imprisonment 28 U.S.C. 1367

*Feiock*, which requires that civil contempt sanctions must be coercive rather than punitive and that procedural protections of criminal proceedings must be applied if the sanction is punitive in nature. In this case, the lack of notice and opportunity to comply before incarceration indicates a punitive measure, thus necessitating higher procedural safeguards. See Exhibit D16 (Oct. 7, 2022), T: p.32: 11-15, T: p.44: 23-25 to p.46, line 23, T: p.49: 15 to p.52, line 15; D17 (Order for civil contempt); *Hicks v. Feiock, 485 U.S. 624 (1988); Knight v. Miami-Dade County, 856 F.3d 795 (11th Cir. 2017); Mathews v. Eldridge, 424 U.S. 319 (1976)*; U.S. Const. amend. XIV; N.C. Const. art. I, § 19.

9. The actions of the court undermines the fairness of the judicial process. This pattern of conduct has caused substantial harm to Plaintiff Davis, including emotional distress and financial loss. Such actions reflect a broader issue of judicial misconduct that warrants and necessitates appropriate remedies. The failure to adhere to due process requirements, as highlighted in earlier exhibits and cases, further exemplifies the unfair treatment of Plaintiff Davis. See Exhibits D16, D17, D27; *Marshall v. Lonberger, 459 U.S. 422 (1983); Hicks v. Feiock, 485 U.S. 624 (1988); Knight v. Miami-Dade County, 856 F.3d 795 (11th Cir. 2017); Mathews v. Eldridge, 424 U.S. 319 (1976);* U.S. Const. amend. XIV; N.C. Const. art. I, § 19.

10. Defendant Brian Ratledge, acting under color of state law and by virtue of authority vested as a state actor, unlawfully restrained Plaintiff Davis against his will by ordering his arrest and incarceration without proper legal justification. This conduct, especially the immediate arrest without due process, constitutes actions taken outside his judicial capacity, thereby voiding judicial immunity and constituting false imprisonment under North Carolina law.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF
## STETSON MANSFIELD WEBSTER

1. On September 26, 2022, Judge Damion McCullers entered an order finding Plaintiff Webster in civil contempt. Plaintiff Webster filed a Motion to Reconsider pursuant to Rule 59 (Exbibit W03) and a Motion to Stay pursuant to Rule 62 (Exhibit W07), showing that the opposing party proffered false testimony and that opposing counsel suborned this false testimony. Evidence submitted by Plaintiff Webster demonstrated that the payments he was ordered to make were, in fact, already paid. See Exhibit W02, W03.

Davis and Webster v. Ratledge et al.                    False Imprisonment 28 U.S.C. 1367

2. On October 4, 2022, Judge Julie Bell denied Plaintiff Webster's attempt to set his Rule 59 and Rule 62 motions for a hearing without the opposing party's consent. See Exhibit W05.

3. Plaintiff Webster filed numerous writs to the Appellate Court for a stay, all of which were unsuccessful. See Exhibits W06, W07.

4. On December 22, 2022, during Plaintiff Webster's purge review with Judge Julie Bell, all of Plaintiff Webster's evidence filed in his Rule 59 and Rule 62 motions, showing that the payments were already made, was rejected. Judge Julie Bell insisted on only reviewing payments made since the ruling, effectively reinforcing a knowingly erroneous ruling and ignoring critical evidence. This action went beyond her judicial capacity, as it involved ignoring clear evidence and due process protections, placing her actions outside the bounds of jurisdiction.

5. Judge Julie Bell ordered Plaintiff Webster's incarceration, causing substantial harm, including emotional distress, damage to his reputation, and financial loss, as he was fired from his job shortly after being employed for less than 60 days following a seven-month period of unemployment.

6. Plaintiff Webster spent two weeks incarcerated over the Christmas holidays, relying on family to finance the unjust purge amount for his release.

7. Plaintiff Webster has been unable to recover his career due to the damage to his reputation caused by the incarceration, further exacerbating his financial difficulties and preventing him from assisting his family with the payments on the loans taken out for his release.

8. Setting a purge amount without the required factual evidence of Plaintiff Webster's ability to pay is more punitive than coercive. Evidence admitted supported Plaintiff Webster's claims of his inability to pay. The failure to consider Plaintiff Webster's inability to pay transforms the civil contempt sanction into a punitive measure, requiring criminal procedural protections as established in *Hicks v. Feiock*, 485 U.S. 624 (1988). Additionally, the requirement for due process protections when the ability to pay is in question is emphasized in *Turner v. Rogers*, 564 U.S. 431 (2011), and *Bearden v. Georgia*, 461 U.S. 660 (1983).

Davis and Webster v. Ratledge et al.                    False Imprisonment 28 U.S.C. 1367

9. Defendants Julie Bell and Damion McCullers, acting under color of state law and by virtue of authority vested as state actors, unlawfully restrained Plaintiff Webster against his will by ordering his arrest and incarceration without proper legal justification. Their actions, including rejecting critical evidence, setting punitive purge amounts without considering his ability to pay, rejecting his attempts to have his Rule 59 Motion to Reconsider heard, and finally rejecting the evidence during the purge review and then ultimately incarcerating him went beyond their judicial capacities and their jurisdictions, thus voiding judicial immunity and constituting false imprisonment under North Carolina law.

## CAUSE OF ACTION – FALSE IMPRISONMENT
## MICHAEL SCOTT DAVIS

1. **Relevant Statute:** 28 U.S.C. § 1367 (Supplemental Jurisdiction): This federal statute provides the basis for bringing state law claims, such as false imprisonment, in federal court when they are related to federal claims.

2. Plaintiff Davis and Plaintiff Webster repeat and re-allege the paragraphs made in the *"Factual Allegations Pertaining to Plaintiff Michael Scott Davis"* as if fully set forth herein.

3. Defendant Brian Ratledge, acting under color of state law and by virtue of authority vested as a state actor, unlawfully restrained Plaintiff Davis against his will by ordering his arrest and incarceration without proper legal justification. This conduct constitutes false imprisonment under North Carolina law.

   a. **Legal Basis:** *Bowman v. Comfort Chair Co.*, 271 N.C. 702, 704 (1967) establishes that false imprisonment involves the unlawful restraint of an individual against their will. In this case, Judge Ratledge's ruling, without proper evidence and an immediate order of incarceration, and without allowing compliance with the purge amount, meets this definition.

   b. **Due Process Violation**: *Mathews v. Eldridge*, 424 U.S. 319 (1976), requires procedural due process protections, including notice and a meaningful opportunity to be heard. Judge Ratledge's actions violated these principles.

Davis and Webster v. Ratledge et al.         False Imprisonment 28 U.S.C. 1367

Case 5:24-cv-00440-FL    Document 1    Filed 07/30/24    Page 7 of 11

c. **Punitive Nature of Sanctions:** The setting of a purge amount and the award of attorney's fees to the opposing party without proper procedural due process and without any opportunity for the Plaintiff to comply or appeal before being detained further demonstrates the malicious and punitive nature of Judge Ratledge's actions. Thus making the matter suitable for criminal referral under 18 U.S.C. § 242.

4. As a direct and proximate result of Defendants' actions, Plaintiff Davis has suffered and continues to suffer substantial injuries. These injuries include, but are not limited to, emotional distress, financial loss, and reputational harm, all resulting from the unlawful detention.

5. Plaintiff Davis is entitled to relief, including, but not limited to, declaratory and injunctive relief, compensatory and punitive damages. These remedies are sought to address the harms caused by Defendant Judge Ratledge's actions under color of state law.

## CAUSE OF ACTION – FALSE IMPRISONMENT
## STETSON MANSFIELD WEBSTER

1. **Relevant Statute:** 28 U.S.C. § 1367 (Supplemental Jurisdiction): This federal statute provides the basis for bringing state law claims, such as false imprisonment, in federal court when they are related to federal claims.

2. Plaintiff Webster repeats and re-alleges the paragraphs made in the *"Factual Allegations Pertaining to Plaintiff Mansfield Webster"* as if fully set forth herein.

3. **Defendants Julie Bell and Damion McCullers**, acting under color of state law and by virtue of authority vested as state actors, unlawfully restrained Plaintiff Webster against his will by ordering his arrest and incarceration without proper legal justification. This conduct constitutes false imprisonment under North Carolina law.
   a. **Legal Basis**: *Bowman v. Comfort Chair Co.*, 271 N.C. 702, 704 (1967) establishes the elements necessary for a claim of false imprisonment. Judge Bell's order of incarceration despite the presence of evidence demonstrating that payments were made satisfies this definition.

Davis and Webster v. Ratledge et al.                    False Imprisonment 28 U.S.C. 1367

    b. **Due Process Violation**: *Mathews v. Eldridge*, 424 U.S. 319 (1976), and *Sisk v. Transylvania Cmty. Hosp., Inc.*, 364 N.C. 172, 179 (2010) emphasize the necessity of procedural due process protections. The denial of Plaintiff Webster's motions and the rejection of critical evidence violated these due process requirements.

    c. **Punitive Nature of Sanctions**: The actions of Judge McCullers in setting a purge amount without considering Plaintiff Webster's ability to pay and Judge Bell subsequently ordering incarceration after rejecting evidence of the proffering of false testimony and the subornation of perjury align with the principles in *Hicks v. Feiock*, 485 U.S. 624 (1988), which require that punitive measures must follow criminal procedural safeguards. Furthermore, the purge amount was set for money not owed, compelling Plaintiff Webster to pay the same amount twice for his release from incarceration, which exacerbates the punitive nature of the sanction. The need to assess an individual's ability to pay before imposing sanctions or incarceration for nonpayment is also highlighted in *Turner v. Rogers*, 564 U.S. 431 (2011), and *Bearden v. Georgia*, 461 U.S. 660 (1983).

4. As a direct and proximate result of Defendants' actions, Plaintiff Webster has suffered and continues to suffer substantial injuries. These injuries include, but are not limited to, emotional distress, financial loss, career loss, and reputational harm, all resulting from the unlawful detention.

5. Plaintiff Webster is entitled to relief, including, but not limited to, declaratory and injunctive relief, compensatory and punitive damages. These remedies are sought to address the harms caused by Defendants' actions under color of state law.

### LEGAL BASIS FOR CRIMINAL REFERRAL

1. **18 U.S.C. § 242:** This statute makes it a crime for any person acting under color of law to willfully deprive any individual of their rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

2. The actions of Judges Ratledge, Bell, and McCullers, as described above, constitute a willful deprivation of the Plaintiffs' due process rights under the Fourteenth Amendment.

Davis and Webster v. Ratledge et al.          False Imprisonment 28 U.S.C. 1367

Case 5:24-cv-00440-FL    Document 1    Filed 07/30/24    Page 9 of 11

These actions were taken under the color of law and resulted in the unlawful detention and confinement of the Plaintiffs.

3. The setting of a purge amount and the award of attorney's fees to the opposing party without proper procedural due process and without any opportunity for the Plaintiff to comply or appeal before being detained further demonstrates the malicious and punitive nature of Judge Ratledge's actions. This makes the matter suitable for criminal referral under 18 U.S.C. § 242.

4. The setting of a punitive purge amount without consideration of ability to pay and the subsequent incarceration of Plaintiff Webster further exemplifies the willful nature of the deprivation of rights, making this a matter suitable for criminal referral under 18 U.S.C. § 242.

5. The actions of Judges Ratledge, Bell, and McCullers, as described above, constitute a willful deprivation of the Plaintiffs' due process rights under the Fourteenth Amendment. These actions, particularly those involving the immediate orders of arrest without due process and the rejection of critical evidence, were taken under the color of law but exceeded their judicial capacities and their jurisdictions, making this a matter suitable for criminal referral under 18 U.S.C. § 242.

## REQUEST FOR CRIMINAL REFERRAL

1. Plaintiffs formally request that this Court refer the actions of Defendants Brian Ratledge, Julie Bell, and Damion McCullers to the U.S. Attorney for the Eastern District of North Carolina for investigation and potential prosecution under 18 U.S.C. § 242.

2. Plaintiffs believe that the Defendants' actions, as described herein, meet the criteria for criminal violations of civil rights under 18 U.S.C. § 242 and warrant thorough investigation and appropriate legal action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Michael Scott Davis and Stetson Mansfield Webster pray for judgment against Defendants Brian Ratledge, Julie Bell, and Damion McCullers, as follows:

Davis and Webster v. Ratledge et al.          False Imprisonment 28 U.S.C. 1367

1. **Declaratory Judgment:** Declare that the arrest and incarceration of Plaintiffs constituted false imprisonment under North Carolina law.

2. **Compensatory Damages:** Award compensatory damages to Plaintiffs for the harm suffered as a result of the false imprisonment, including loss of liberty, emotional distress, financial loss, and reputational harm.

3. **Punitive Damages:** Award punitive damages to deter similar conduct in the future and to punish the unlawful actions taken against Plaintiffs.

4. **Costs and Attorney's Fees:** Award the costs of this action, including reasonable attorney's fees, as appropriate.

5. **Other Relief:** Grant any other relief that the Court deems just and proper to address the harm caused by Defendants' actions.

This the 30th day of July 2024.

Respectfully submitted,

Michael Scott Davis, Plaintiff Pro Se
823 Stadium Drive #E
Wake Forest, NC 27587
miked@lucidimpact.com

Stetson Mansfield Webster, Plaintiff Pro Se
317 Stone Arbor Way
Wendell, NC, 27591
stetson@stetsonwebster.com

Davis and Webster v. Ratledge et al.        False Imprisonment 28 U.S.C. 1367

Case 5:24-cv-00440-FL    Document 1    Filed 07/30/24    Page 11 of 11