**EXHIBIT W23**

NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
WAKE COUNTY      19 CVD 15723

| | |
|---|---|
| STETSON D. WEBSTER,<br>    Plaintiff, | )<br>)<br>)<br>) GATEKEEPER ORDER<br>)<br>) |
| DANA DEVANE WEBSTER<br>    Defendant. | )<br>)<br>) |

THIS MATTER, coming on to be heard by the Honorable Julie L. Bell on Defendant's Motion for Gatekeeping Order.

WHEREAS, Plaintiff was pro se and represented himself and Defendant was represented by Attorney Steve Palme; and

WHEREFORE, based upon the pleadings of record, previous orders entered in this matter, and the evidence presented and the arguments of Plaintiff and Counsel for Defendant, this Court hereby makes the following:

## FINDINGS OF FACT

1. The Plaintiff is a citizen and resident of Wake County and had been for more than six months prior to filing this suit.

2. The Defendant is a citizen and resident of Wake County.

3. The Plaintiff initiated this lawsuit on November 14, 2019 seeking Temporary and Permanent Custody and Equitable Distribution.

4. Defendant filed an Answer and Counterclaims on November 21, 2019.

5. Defendant filed an Amended Answer and Counterclaims on November 27, 2019.

6. Plaintiff filed a Reply to Counterclaims on January 10, 2019.

7. Plaintiff filed an Amended Reply to Counterclaims on January 21, 2020.

8. On June 2, 2021 the Court entered a Post Separation Support Order after a hearing.

9. On September 13, 2021 Plaintiff who was then pro se filed a Motion for Relief from Judgment for the Post Separation Support, Permanent Child Support and Attorney Fees Order alleging new evidence, fraud, misrepresentation, and other misconduct.

10. On September 30, 2021 the Court heard Plaintiff's Motion for Relief from Judgment and denied the same in an Order signed October 5, 2021.

11. Plaintiff filed a Motion to Terminate Post Separation Support and Bar Alimony on October 18, 2021.

12. Inasmuch as the Court had heard the Motion for Relief from Judgment and denied the same and entered an Order, it was duplicative to then file a Motion to Terminate Post Separation Support and Bar Alimony on October 18, 2021.

13. The Plaintiff field a Motion for Temporary Restraining Order on April 7, 2022.

14. The Motion for the Temporary Restraining Order was denied.

15. Plaintiff filed a Motion for Leave to file what would be a second Amended Reply to Counterclaims with demand for a jury trial, a little over two years after the Original Complaint was filed and little less than 2 years after his first Reply to Counterclaims was filed.

16. The Court had heard and issued Orders on Temporary and Permanent Custody, Child Support, Post Separation Support and Equitable Distribution.

17. Prior to the Equitable Distribution trial, the Court entered a Pre-Trial Order that reflected that neither side desired amendments to the Pleadings.

18. The Court entered an Order denying the Motion for Leave to Amend

19. The above noted instances are just some of the examples of Plaintiff's attempts to relitigate issues that have been resolved by the Court to no avail.

20. The end result is the Court is fairly frequently having to readdress issues that have been resolved over and over again with no change in the outcome .

21. Defendant is having to expend attorney's fees to relitigate these issues multiple times.

NOW THEREFORE based on the preceding Findings of Facts, the Court makes the following

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and subject matter in this action.

2. The Court has inherent power to impose special limitations as are reasonably necessary for the proper administration of justice and to provide solutions which enable the process of litigation to proceed smoothly. This includes the authority to regulate and discipline those persons who appear before the court and to fashion a remedy to meet the circumstances of each case.

3. Entry of an order requiring the parties to obtain certification by a licensed attorney prior to filing any further motions for a twelve month period, is reasonable and necessary.

4. Such of the Findings of Fact above that are more properly denominated Conclusions of Law are hereby incorporated by reference as if set forth in full.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that:

1. For a period of 12 months from the date of the entry of this Order, unless the Plaintiff is declared indigent, Plaintiff shall not file, or attempt to file, any further motions or pleadings with the Family Court Office or using E-Courts here in Wake County District Court in this matter unless such motion or pleading contains a certification by an attorney licensed under the laws of the State of North Carolina to practice law in North Carolina that in the opinion of that attorney the motion or pleading sought to be filed complies with Rule 11 of the Rules of Civil Procedure. The attorney's certification shall contain a recitation that the attorney has read and is aware of the requirements of the instant order and the requirements of the same. Failure to comply with this requirement may result in the dismissal of the motion or motions or other sanctions.

This the 28th day of April, 2023.

*Julie L. Bell*
The Honorable Julie L. Bell
District Court Judge Presiding