IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-00440-FL

| | |
|---|---|
| MICHAEL SCOTT DAVIS and STETSON MANSFIELD WEBSTER, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BRIAN RATLEDGE, JENNIFER BEDFORD, JULIE BELL, and DAMION MCCULLERS, in their official and individual capacities, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on plaintiffs' motion for leave to file supplemental complaint and memorandum of law (DE 22) and emergency motion for declaratory relief (DE 24). The motions have been briefed fully, and the issues raised are ripe for ruling. Also pending, but not yet ripe, is defendants' motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction. (DE 28). For the following reasons, the motions for declaratory relief and for leave are denied.

## BACKGROUND

Plaintiffs Michael Scott Davis ("Davis") and Stetson Manfield Webster ("Webster") commenced this action July 30, 2024, against defendants Brian Ratledge ("Ratledge"), Julie Bell ("Bell"), and Damion McCullers, district court judges in North Carolina's 10th Judicial District. Proceeding pro se, plaintiffs seek review of actions taken by defendants during each of plaintiffs' respective domestic child custody and child support cases.

Plaintiffs' complaint, which seeks to state claims premised upon false imprisonment is followed on the docket by a myriad of state court papers on behalf of plaintiff Davis, (DE 1-2 through DE 1-29), and plaintiff Webster, (DE 1-30 through DE 1-58). Another complaint was taken in and filed by the clerk July 30, 2024, indexed as an "attachment" to the aforementioned complaint, (DE 1-1), stating claims for violation of plaintiffs' civil rights against defendants subject of the false imprisonment claims together with Jennifer Bedford ("Bedford"), another district judge in the 10th Judicial District. Memorandum of law in support of complaint for violation of civil rights also was separately filed and indexed by the clerk following filing of the first complaint. (DE 1-59).

Two more titled complaints follow separately on the docket in this case, filed August 20, 2024. One parallels or amends the complaint for false imprisonment, (DE 7), and the other states amended claims for violation of civil rights. (DE 8). Amended memorandum of law in support of amended complaint for violation of civil rights rounds out the August 20, 2024, filings by plaintiffs. (DE 9).

Plaintiffs filed the instant motion for leave to file supplemental complaint September 18, 2024, (DE 22), together with proposed supplemental complaint alleging ongoing civil rights violations, seeking to amend the pleading so focused, (DE 22-2), together with another, supporting memorandum of law. (DE 22-3).

Several weeks later, on October 11, 2024 the instant motion for declaratory relief was filed on behalf of plaintiffs, (DE 24), with reliance upon a motion for recusal of defendant Ratledge filed in the state court case, with reference to October 30, 2024, proceeding. (DE 24-1), and certain e-mail correspondence. (DE 24-2). It presses need on behalf of plaintiff Davis for ruling by that

October 30, 2024, court date, and parallel need on behalf of plaintiff Webster for ruling before his next state court date in January 2025.

To expedite consideration of issues raised by plaintiffs, the court imposed in text order October 15, 2024, an expedited briefing schedule. Defendants now have responded in opposition to plaintiffs' motions. (DE 30). Defendants also seek dismissal of plaintiffs' claims pursuant to motion filed October 21, 2024, pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6), October 21, 2024. (DE 28).

## COURT'S DISCUSSION

A.  Emergency Motion for Declaratory Relief (DE 24)

Plaintiffs request "declaratory relief regarding the constitutional implications of a conflict of interest," a declaration that defendants Ratledge's and Bell's "recusal is required to protect [p]laintiffs' constitutional rights," and a declaration that "[p]laintiffs' due process rights . . . are being violated by the participation of Judges Ratledge and Bell in their respective state court proceedings." (DE 24 at 7-8).

The Rooker-Feldman doctrine precludes federal district courts "from exercising what would be, in substance, appellate jurisdiction over final state-court judgments." Hulsey v. Cisa, 947 F.3d 246, 250 (4th Cir. 2020). The "doctrine bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are inextricably intertwined with the issues that were before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005). An issue is "inextricably intertwined" with those that were before the state court if success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997).

Here, although plaintiffs do not word their motion as an appeal of a state court decision, that is in essence what they are seeking. Plaintiffs state that they each filed a motion for recusal in their respective state court cases (DE 24 at 4, 5). The constitutional implications of any conflict of interest and the relationship between plaintiffs' due process rights and the participation of defendants Ratledge and Bell in their respective state court proceedings are "inextricably intertwined" with the motions for recusal that were before the state courts. See Plyler, 129 F.3d at 731. Any declaratory relief regarding defendants Ratledge's and Bell's participation in plaintiffs' state court proceedings would necessitate determining that the state courts' decisions are wrong. Therefore, the Rooker-Feldman doctrine bars plaintiffs' claims for declaratory relief.

In sum, this court is precluded from awarding the relief sought in plaintiffs' emergency motion for declaratory relief. Therefore, the motion is denied.

2.   Motion for Leave to File Supplemental Complaint (DE 22)

As set out above, the motion for leave to amend is focused on the set of allegations directed against defendants of or pertaining to civil rights violations, promoted most recently in filings entered on the docket at numbers 8 ("First Amended Complaint for Violation of Civil Rights Pursuant to 42 U.S.C. § 1983, with Memorandum of Law") and 9 ("First Amended Memorandum of Law in Support of First Amended Complaint for Civil Rights Violations Under 42 U.S.C. § 1983"). Plaintiffs now seek to supplement with allegations related to actions undertaken or to be undertaken by defendants which are the subject of the emergency motion for relief which the court herein denied.

"[D]istrict courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." In re Triangle Capital Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021). Here, defense is raised to this motion on futility grounds. Where the court has denied plaintiffs'

motion seeking this court to preclude defendants from presiding over future hearings involving plaintiffs, this motion, too, must be denied as futile.

3.   Motion to Dismiss (DE 28)

Defendants point in furtherance to their motion of a lack of clarity in pleadings. It appears plaintiffs seek to discretely prosecute two sets of claims in a single case. Defendants designate for purposes of their motion to dismiss operative pleadings as contained within docket entry numbers 7, 8, and 9. Plaintiff's response(s) are pending.

The clerk has issued notice to plaintiff Davis of defendants' motion, (DE 31), informing him of the November 11, 2024, response deadline. But it is unclear to the undersigned whether any notice has issued from the clerk to the other plaintiff. The court requests the clerk to review this and inform of the status of plaintiff Webster's notice by November 1, 2024, if not before. More time can be added by the court to his response time, if necessary.

## CONCLUSION

Based on the foregoing, plaintiffs' motions for declaratory relief, (DE 24), and for leave to file supplemental complaint and memorandum of law, (DE 22), are DENIED.

SO ORDERED, this the 28th day of October, 2024.

LOUISE W. FLANAGAN
United States District Judge