IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-00440-FL

| | |
|---|---|
| MICHAEL SCOTT DAVIS and STETSON MANSFIELD WEBSTER, ) ) ) Plaintiffs, ) ) v. ) ) BRIAN RATLEDGE, JENNIFER BEDFORD, JULIE BELL, and DAMION MCCULLERS, in their official and individual capacities, ) ) ) ) ) ) ) Defendants. ) | ORDER |

This matter is before the court upon defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6) (DE 28). Plaintiffs responded in opposition to defendants' motion, and the issues raised are ripe for ruling.[1] For the following reasons, the motion is granted.

**STATEMENT OF THE CASE**

Plaintiffs Michael Scott Davis ("Davis") and Stetson Manfield Webster ("Webster") commenced this action July 30, 2024, with complaint against defendants Brian Ratledge ("Ratledge"), Jennifer Bedford ("Bedford"), Julie Bell ("Bell"), and Damion McCullers ("McCullers"), district court judges in North Carolina's 10th Judicial District. Proceeding pro se,

---

[1] On February 25, 2025, the United States Court of Appeals for the Fourth Circuit entered its mandate regarding its opinion and judgment dismissing that part of plaintiffs' interlocutory appeal of the court's October 28, 2024, order denying plaintiffs' motion for leave to file supplemental complaint, and affirming that part of the court's October 28, 2024, order denying plaintiffs' motion for declaratory relief. The only motion thus before the court is the instant motion to dismiss.

plaintiffs seek review of actions taken by defendants during each of plaintiffs' respective domestic child custody and child support cases.

Plaintiffs' original complaint, which seeks to state claims premised upon false imprisonment against defendants Ratledge, Bell, and McCullers is followed on the docket by a myriad of state court papers on behalf of plaintiff Davis, (DE 1-2 through DE 1-29), and plaintiff Webster, (DE 1-30 through DE 1-58). Another complaint was taken in and filed by the clerk July 30, 2024, indexed as an "attachment" to the aforementioned complaint, (DE 1-1), stating claims for violation of plaintiffs' civil rights against defendants subject of the false imprisonment claims together with defendant Bedford. Memorandum of law in support of complaint for violation of civil rights also was separately filed and indexed by the clerk following filing of the first complaint. (DE 1-59).

Two more titled complaints follow separately on the docket in this case, filed August 20, 2024. One parallels or amends the complaint for false imprisonment, (DE 7) ("Suppl. Compl."), and the other states amended claims for violation of civil rights, (DE 8) ("Am. Compl.").[2] Amended memorandum of law in support of amended complaint for violation of civil rights rounds out the August 20, 2024, filings by plaintiffs. (DE 9).

Plaintiffs filed motion for leave to file additional supplemental complaint September 18, 2024, and emergency motion for declaratory relief October 11, 2024. Following expedited briefing, the court denied both motions in order entered October 28, 2024. Specifically, the court determined plaintiffs' request for declaratory relief was barred by the Rooker-Feldman[3] doctrine,

---

[2] The court considers the facts alleged in each of the aforementioned filings (DE 1, 1-1, 7, and 8) as comprising plaintiffs' operative complaint (hereinafter, referenced collectively as the "complaint").

[3] D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

and their request to supplement was futile. See Davis v. Ratledge, No. 5:24-cv-440-FL, 2024 WL 4594236 at *2 (E.D.N.C. Oct. 28, 2024). Plaintiffs filed notice of interlocutory appeal of the court's October 28, 2024, order November 8, 2024. In unpublished opinion entered January 28, 2025, the Fourth Circuit dismissed that part of plaintiffs' appeal which sought review of this court's denial of leave to file additional supplemental complaint and affirmed this court's denial of declaratory relief. Davis v. Ratledge, No. 24-2135, 2025 WL 314112 at *1 (4th Cir. Jan. 28, 2025).

In the meantime, after extension of time, defendants filed the instant motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim October 21, 2024. After extension of time, plaintiffs responded in opposition December 11, 2024.

## STATEMENT OF FACTS

Although not a model of clarity, the facts alleged in the complaint may be summarized as follows.

A.     Plaintiff Davis

Plaintiff Davis alleges multiple due process violations by defendants Ratledge and Bedford in their handling of his underlying domestic case against his ex-wife. Specifically, Davis alleges defendant Ratledge violated Davis's right to due process through: delays of two and four years in hearing motions (Am. Compl. (DE 8) at 5), depriving Davis of the opportunity to fully and fairly present his arguments on at least one of those motions (id. at 7), misclassifying certain of Davis's income (id. at 10), making decisions based on unsubstantiated claims (id. at 11), refusing to review certain evidence (id. at 13), failing to address sanctionable behavior (id. at 15), ignoring and denying certain of Davis's motions (id. at 18), and finding Davis in civil contempt and mandating his arrest without supporting evidence (id. at 20-21). Davis alleges defendant Bedford violated his

due process rights by finding Davis in willful contempt based on inadequate and contradicted evidence. (Id. at 22-23).

Plaintiff Davis also alleges defendant Ratledge "unlawfully restrained Plaintiff Davis against his will by ordering his arrest and incarceration without proper legal justification." (Supp. Compl. (DE 7) at 3).

B.   Plaintiff Webster

Plaintiff Webster alleges multiple due process violations by defendants McCullers, Bedford, and Bell.

Specifically, plaintiff Webster alleges that defendant McCullers failed to finalize pending orders, relied on unverified testimony, and refused to hear Webster's motion to reconsider before ordering his arrest for civil contempt (Am. Compl. (DE 8) at 27-28). Webster alleges that defendant Bedford obstructed Webster's access to the courts by continuing hearing on his motion to show cause. (Id. at 37). Webster also alleges that Defendant Bell barred Webster from accessing evidence and failed to provide him with a status update (id. at 29), failed to respond to motions and delayed issuing orders (id.), revised a custody order despite contradictory evidence (id. at 31), admitted into evidence a document without authentication (id. at 33), failed to provide explanation for a financial determination (id. at 34), delayed hearing beyond the state court's guidelines (id.), relied on selective and outdated case history in issuing a gatekeeper order (id. at 36), and delayed entry of a protective order (id.).

Additionally, plaintiff Webster alleges defendants Bell and McCullers "unlawfully restrained Plaintiff Webster against his will by ordering his arrest and incarceration without proper legal justification." (Suppl. Compl. (DE 7) at 3)

4

**COURT'S DISCUSSION**

A.  Standard of Review

A Rule 12(b)(1) motion[4] challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).[5] Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[ ] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

B.  Analysis

Defendants argue this court lacks jurisdiction to hear plaintiffs' complaint pursuant to the Rooker-Feldman doctrine. The court agrees.

"Congress has vested only the [United States] Supreme Court with jurisdiction to review state court decisions." Adkins v. Rumsfeld, 464 F.3d 456, 463 (4th Cir. 2006); see 28 U.S.C. § 1257. In accordance with that limitation, the Rooker-Feldman doctrine precludes federal district courts "from exercising what would be, in substance, appellate jurisdiction over final state-court judgments." Hulsey v. Cisa, 947 F.3d 246, 250 (4th Cir. 2020). The "doctrine bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that

---

[4] Because, as explained more fully herein, the court lacks subject matter jurisdiction over plaintiffs' claims, it does not reach additional grounds raised by defendants under Rule 12(b)(2) or 12(b)(6) based upon abstention, immunities, and failure to state a claim. Therefore, the court sets forth only the standard of review under Rule 12(b)(1).

[5] In case citations in this order, internal quotations and citations are omitted, unless otherwise specified.

5

are inextricably intertwined with the issues that were before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005).

An issue is "inextricably intertwined" with those that were before the state court if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). Additionally, a "claim seeking redress for an injury caused by the state-court decision itself – even if the basis of the claim was not asserted to the state court – asks the federal district court to conduct an appellate review of the state-court decision." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006). Therefore, when a plaintiff "seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court." Id. A plaintiff "may not escape the jurisdictional bar of Rooker-Feldman by merely refashioning his attack on the state court judgments as a § 1983 claim." Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997). Rather, "litigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court." Id. at 203 n.11 (quoting Young v. Murphy, 90 F.3d 1225, 1230 (7th Cir. 1996)).

Though previously "broadly interpreted," the Supreme Court of the United States has clarified that the Rooker-Feldman doctrine "goes no further than necessary to effectuate Congress' allocation of subject matter jurisdiction between the district courts and the Supreme Court." Thana v. Bd. of License Comm'rs, 827 F.3d 314, 319 (4th Cir. 2016) (noting narrowing of the doctrine following the decision in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)). In applying the doctrine, the district court "assesses only whether the process for appealing a state court judgment to the Supreme Court under 28 U.S.C. § 1257(a) has been sidetracked by an action

filed in a district court specifically to review that state court judgment." Thana, 827 F.3d at 320. Thus, it is "confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 319.

Bearing its limited application in mind, the court is compelled to conclude that plaintiffs' claims are barred by the Rooker-Feldman doctrine. Although plaintiffs repeatedly assert that they do not seek "to review or alter any state court judgments or factual findings," (see DE 8 at 9, 11, 13, 15, 20, 22, 24, 28, 31, 36, 38), they request this court to "[d]eclare that the actions of the trial court violated Plaintiff Davis's and Plaintiff Webster's due process rights," and "[a]ward . . . compensatory damages for the actual losses incurred as a result of the due process violations," (id. at 42). Thus, plaintiffs "seek[] redress in the federal district court for the injury cause by the state-court decision[s]." Davani, 434 F.3d at 719. Even if those injuries are Constitutional in nature, and even if plaintiffs do not expressly seek reversal of state court decisions, their claims are "by definition, 'inextricably intertwined' with the state-court decision[s], and [are] therefore outside of the jurisdiction" of this court. Id. at 719.

Plaintiffs' reliance on Exxon, 544 U.S. at 284, for the proposition that the Rooker-Feldman doctrine "does not extend to claims addressing systemic violations or raising independent constitutional or procedural issues," (DE 46 at 7), is misplaced. In Exxon, the court held that where state and federal matters are proceeding in parallel, "Rooker-Feldman is not triggered simply by the entry of judgment in state court." Exxon, 544 U.S. 280 at 292. That is not the issue here.

It is true that "[i]f a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is

7

Case 5:24-cv-00440-FL    Document 52    Filed 03/05/25    Page 7 of 8

jurisdiction." Id. at 293 (emphasis added).  But as explained above, plaintiffs' claims here are "inextricably intertwined with the state-court decisions," and thus are not independent.  Davani, 434 F.3d at 719.  "Exxon teaches . . . that the Rooker-Feldman doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself."  Id. at 713.  This is precisely what happened here, and the Rooker-Feldman doctrine therefore bars this court's jurisdiction in this matter.

Because this court lacks jurisdiction to hear plaintiffs' claims under the Rooker-Feldman doctrine, defendants' motion to dismiss pursuant to Rule 12(b)(1) is granted.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss (DE 28) is GRANTED.  Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 5th day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge