IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-00440-FL

| | |
|---|---|
| MICHAEL SCOTT DAVIS and STETSON MANSFIELD WEBSTER, <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN RATLEDGE, JENNIFER BEDFORD, JULIE BELL, and DAMION MCCULLERS, in their official and individual capacities, <br><br> Defendants. | ORDER |

This matter is before the court upon plaintiffs' motion to reconsider pursuant to Federal Rules of Civil Procedure 59(e) (DE 54). The issues raised are ripe for ruling. For the following reasons, the motion is denied.

### STATEMENT OF THE CASE

Proceeding pro se, plaintiffs Michael Scott Davis ("Davis") and Stetson Manfield Webster ("Webster") commenced this action July 30, 2024, with complaint against defendants Brian Ratledge ("Ratledge"), Jennifer Bedford ("Bedford"), Julie Bell ("Bell"), and Damion McCullers ("McCullers"), district court judges in North Carolina's 10th Judicial District. Plaintiffs seek review of actions taken by defendants during each of plaintiffs' respective domestic child custody and child support cases.

Plaintiffs' original complaint, which seeks to state claims premised upon false imprisonment against defendants Ratledge, Bell, and McCullers is followed on the docket by a

myriad of state court papers on behalf of plaintiff Davis, (DE 1-2 through DE 1-29), and plaintiff Webster, (DE 1-30 through DE 1-58).  Another complaint was filed July 30, 2024, indexed as an "attachment" to the aforementioned complaint, (DE 1-1), stating claims for violation of plaintiffs' civil rights against defendants subject of the false imprisonment claims together with defendant Bedford.  Memorandum of law in support of complaint for violation of civil rights also was separately filed and indexed by the clerk following filing of the first complaint.  (DE 1-59).

Two more titled complaints follow separately on the docket in this case, filed August 20, 2024.  One parallels or amends the complaint for false imprisonment, (DE 7), and the other states amended claims for violation of civil rights, (DE 8).  Amended memorandum of law in support of amended complaint for violation of civil rights rounds out the August 20, 2024, filings by plaintiffs.  (DE 9).

Plaintiffs filed motion for leave to file additional supplemental complaint September 18, 2024, and emergency motion for declaratory relief October 11, 2024.  Following expedited briefing, the court denied both motions in order entered October 28, 2024.  Specifically, the court determined plaintiffs' request for declaratory relief was barred by the Rooker-Feldman[1] doctrine, and their request to supplement was futile.  (DE 32 at 4-5).  Plaintiffs filed notice of interlocutory appeal of the court's October 28, 2024, order November 8, 2024.  In unpublished opinion entered January 28, 2025, the Fourth Circuit dismissed that part of plaintiffs' appeal which sought review of this court's denial of leave to file additional supplemental complaint and affirmed this court's denial of declaratory relief.  Davis v. Ratledge, No. 24-2135, 2025 WL 314112 at *1 (4th Cir. Jan. 28, 2025).

---

[1] D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

In the meantime, defendants moved to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim October 21, 2024. Plaintiffs responded in opposition December 11, 2024. The court granted defendants' motion and dismissed plaintiffs' claims without prejudice for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine March 5, 2025.

Plaintiffs timely filed the instant motion to reconsider March 14, 2025. Defendants did not respond, and the time to do so has expired.

## STATEMENT OF FACTS

The court incorporates by reference the relevant facts as set out in its March 5, 2025, order. (DE 52 at 3-4) (the "prior order").

## COURT'S DISCUSSION

A.     Standard of Review

Rule 59(e) allows "[a] motion to alter or amend a judgment ... no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005). The United States Court of Appeals for the Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): 1) to accommodate an intervening change in controlling law; 2) to account for the availability of new evidence; or 3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart, 396 F.3d at 555. "Thus, Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made." Zinkand, 478 F.3d at 637.

3

B. Analysis

In its prior order, the court determined that where "plaintiffs 'seek redress in the federal district court for the injury cause[d] by the state-court decisions[,]' . . . their claims are 'by definition, inextricably intertwined with the state-court decisions, and are therefore outside of the jurisdiction' of this court." (Prior Order (DE 52) at 7) (quoting Davani v. Va. Dept. of Transp., 434 F.3d 712, 719 (4th Cir. 2006)). Accordingly, the court dismissed without prejudice plaintiffs' claims for lack of subject matter jurisdiction. (Id. at 8). In the instant motion, plaintiffs assert reconsideration is necessary to comply with precedent set by the United States Supreme Court two weeks prior to issuance of the court's prior order. See Williams v. Reed, 145 S. Ct. 465 (2025).

In Williams, several unemployed workers in Alabama, believing the state department of labor had unlawfully delayed processing their benefits claims, sued the Alabama Secretary of Labor in state court under 42 U.S.C. § 1983, seeking an order that the department process their claims more quickly. Id. at 467-68. The trial court held and the Alabama Supreme Court affirmed that the workers could not bring such claims in court without first exhausting their administrative remedies before the state department of labor. Id. at 469. The Supreme Court determined that this ruling "created a catch-22: Because the claimants cannot sue until they complete the administrative process, they can never sue under § 1983 to obtain an order expediting the administrative process." Id. at 468. Supreme Court precedent does not "permit States to immunize state officials from § 1983 suits in that way." Id. "On that narrow ground, [the Supreme Court] reverse[d]." Id. Thus, "where a state court's application of a state exhaustion requirement in effect immunizes state officials from § 1983 claims challenging delays in the administrative process . . . state courts may not deny those § 1983 claims on failure-to-exhaust grounds." Id. at 470.

Williams is inapplicable to the instant matter. Plaintiffs' complaint was not dismissed for

failure to exhaust administrative remedies. Rather, it was dismissed because this court does not have jurisdiction to hear plaintiffs' claims. (Prior Order (DE 52) at 8). Although plaintiffs may believe their situation parallels that of the plaintiffs in Williams, they are not without remedy. As the court stated in its prior order, "litigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court." (Id. at 6) (quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 203 n.11 (4th Cir. 1997)). Plaintiffs have already demonstrated their ability to utilize North Carolina's appellate system. (See, e.g., Plf-Appellant's Br. (DE 1-4); Pet. Writ Mandamus (DE 1-40)).

Plaintiffs also include the following quotations purporting to be from Williams in the instant motion:

> "Where procedural rules operate to shield state actors from accountability for systemic constitutional violations, federal courts must exercise jurisdiction. No procedural doctrine, including **Rooker-Feldman** [Emphasis added], may operate as an absolute shield preventing federal review of constitutional claims."
> Williams v. Reed, February 21, 2025.

> The United States Supreme Court explicitly clarified in *Williams v. Reed* (2025) that *"constitutional injuries caused by procedural violations at the state level are fundamentally independent federal questions that federal courts must adjudicate.* [Emphasis Added]"

(Mot. (DE 54) at 2).

None of the emphasized statements, however, are contained within the Supreme Court's opinion in Williams. In particular, the Supreme Court makes no mention of Rooker-Feldman, "systemic constitutional violations," "independent federal questions," or the "inextricably intertwined" standard on which this court's prior order relied. Therefore, the court is not bound

5

by quoted language, and plaintiffs' reliance on Williams is unpersuasive.[2]

Additionally, where this court is bound to follow the opinions of the United States Court of Appeals for the Fourth Circuit, the court declines plaintiffs' request to align with the jurisprudence of the Third, Fifth, and Ninth Circuits.

In sum, the court perceives no clear error in its prior order, and plaintiffs point to no binding precedent indicating an exception to Rooker-Feldman allows jurisdiction over their claims. Accordingly, the court declines to reconsider its prior order.

## CONCLUSION

Based on the foregoing, plaintiffs' motion to reconsider (DE 54) is DENIED.

SO ORDERED, this the 21st day of May, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] Although sanctions do not appear necessary at this juncture, plaintiffs are cautioned that unrepresented parties are subject to the requirements of Fed. R. Civ. P. 11(b) regarding representations to the court.